## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

_____

Mahmood Khan,                                     COURT FILE NO. 16-cv-03104 (PJS/HB)

         Plaintiff,

vs.

                                         **ANSWER BY DEFENDANT**

City of Minneapolis, a municipal          **CITY OF MINNEAPOLIS**
corporation; and DOES 1-10,

         Defendants.

_____

Defendant City of Minneapolis (hereinafter referred to as "Defendant"), for its Answer to Plaintiff's Complaint, state and allege as follows:

Except as admitted or otherwise pleaded herein, Defendant denies each and every matter, allegation and thing in Plaintiff's Complaint. Defendant answers Plaintiff's Complaint only on its own behalf and not on behalf of any subsequently identified Doe defendants.

In response to Plaintiff's specific allegations, Defendant states as follows:

1.      Plaintiff's introduction is not susceptible to responsive pleading; denies any wrongdoing on the part of Defendant.

2.      Is without information sufficient to admit or deny the allegations in Paragraph 1, and therefore denies it.

3.      Admits the allegations in Paragraphs 2-3.

4.      Admits the allegations in Paragraph 4.

5.      Admits Plaintiff seeks relief and brings this action; denies the claims have any merit.

6.      Denies the allegations in Paragraphs 6-10.

7.      Admits the allegations in Paragraphs 11.

8.      Is without information sufficient to admit or deny the allegations in Paragraphs 12-15, and therefore denies it.

9.      Denies the allegations in Paragraph 16.

10.     Admits the allegations in Paragraphs 17-18.

11.     Is without information sufficient to admit or deny the allegations in Paragraph 19, and therefore denies it.

12.     Admits, based on information and belief, the allegations in Paragraph 20.

13.     Is without information sufficient to admit or deny the allegations in Paragraph 21, and therefore denies them.

14.     Admits the allegations in Paragraph 22.

15.     Is without information sufficient to admit or deny Plaintiff's financial status, and therefore denies it; denies the City is pushing protected class members into the street; deny as vague the remaining allegations.

16.     Is without information sufficient to admit or deny the allegations in Paragraph 24, and therefore denies them.

17.     Denies as vague the allegations in Paragraph 25.Defendant affirmatively states that Plaintiff has an extensive history of code and ordinance violations at his rented properties, necessitating numerous requests for service or site visits and resulting in

numerous administrative citations. Defendant directs Plaintiff to attached **Exhibit A**, which contains true and correct copies of business records maintained by the City of Minneapolis related to Plaintiff's rental properties and history of inspections and violations.

18.     Is without information sufficient to admit or deny the allegations in Paragraphs 26-27, and therefore denies them.

19.     Admits Defendant sent Plaintiff a letter on March 2015 notifying him that the City was going to revoke all of his rental licenses in Minneapolis; deny that the letter was dated March 3, 2014.

20.     Denies the allegations in Paragraph 29. State affirmatively all 43 properties were listed in the letters information Plaintiff that his rental licenses in Minneapolis were to be revoked.

21.     Admits the allegations in Paragraphs 30-31.

22.     Is without information sufficient to admit or deny the allegations in Paragraph 32, and therefore deny it.

23.     Admits the City sent a letter dated February 13, 2015 stating it would be revoking all of his rental licenses; deny the City sent a letter dated March 3, 2104 identifying 26 of his properties.

24.     Admits the allegations in Paragraph 34.

25.     Denies the allegations in Paragraph 35 of the Complaint.

26.     States M.C.O. §244.1910(19) speaks for itself.

27.     Admits the allegations in Paragraphs 37-43.

28.     Denies the allegations in Paragraph 44 of the complaint.

29.     Is without information sufficient to admit or deny the allegations in Paragraph 45, and therefore denies it.

30.     Admits the allegations in Paragraph 46.

31.     Denies the allegations in Paragraph 47.

32.     Admits the allegations in Paragraphs 48-49.

33.     Is without information sufficient to admit or deny the allegations in Paragraphs 50-51, and therefore deny them.

34.     Denies the allegations in Paragraphs 52-56. Defendant affirmatively directs Plaintiff to **Exhibit B**, which includes a true and correct copy of the Findings of Fact and Conclusions of Law reflecting that the City presented, and the Administrative Hearing Officer considered, substantial evidence related to Plaintiff's violations history across all of his rental licenses in ruling on the revocation of his licenses and Plaintiff's appeal of the same.

35.     Admits the allegations in Paragraph 57. States affirmatively that the City objected to evidence only relevant to a Fair Housing claim as it is irrelevant to the housing action for which the hearing officer has authority to hear.  Specifically the hearing officer concluded the following:

> under the ordinance that gives me the authority to conduct this hearing -- that is 259.255, Subdivision 1 -- the Hearing Officer shall hear all relevant evidence and argument, and my feeling is that even though Mr. Rooney raises these other issues, they are not relevant to the City's proceeding regarding the rental license revocations due to the City's claim of lack of maintenance or lack of good management of the property, so I am going to sustain the City's objection to Number 6.

Attached as **Exhibit C** is a true and correct copy of the transcript (comprised of Volumes

I and II) of the hearing before Administrative Hearing Officer James D. Gurovitsch at

issue in Plaintiff's Complaint.

36.     Denies the allegations in Paragraphs 58-59.

37.     Is without information sufficient to admit or deny the allegations in

Paragraphs 60-62.

38.     Is without information sufficient to admit or deny whether Plaintiff made

each property code-compliant and at what time he made them code compliant. State

affirmatively that if the property was condemned when Plaintiff purchased it, it would

had a full inspection prior to receiving a rental license and would necessarily be code

compliant.  In other instances, Plaintiff may have received a provisional rental license

pending a full inspection at some date in the future.  It is also possible that an inspector

did not notice a code deficiency but that Plaintiff actually had one.  Admits the remaining

allegations.

39.     Admits the allegations in Paragraph 64 of the Complaint.

40.     Denies the allegations in Paragraphs 65-66.

41.     Admits Plaintiff's properties have been inspected and fines have been

imposed when violations have been reported and have not been ameliorated within the

prescribed time period.

42.     Denies four properties have been demolished; Admits three properties have

been demolished; deny the remaining allegations.

43.     Admits Plaintiff has had to pay VBR fees of up to $6940; deny the remaining allegations.

44.     Denies the allegations in Paragraphs 70.

45.     Is without information sufficient to admit or deny the allegations in Paragraphs 71-75, and therefore denies them.

46.     Denies the allegations in Paragraph 76-77.

47.     Is without information sufficient to admit or deny the allegations in Paragraph 78 and 79, and therefore denies them

48.     Denies the allegations in Paragraph 80.

49.     Is without information sufficient to admit or deny the allegations in Paragraphs 80-82, and therefore denies them.

50.     Denies the allegations in Paragraph 83.

51.     Is without information sufficient to admit or deny the allegations in Paragraph 84, and therefore denies them.

52.     Denies the allegations in Paragraph 85 of the Complaint.

53.     State the Due Process Clause and cases interpreting it speak for themselves and are legal conclusions not susceptible to responsive pleading.

54.     Denies the allegations in Paragraph 87 of the Complaint.

55.     State the allegations in Paragraph 88 are legal argument not susceptible to responsive pleading; to the extent they are they are denied.

56.     Denies the allegations in Paragraph 89.

57.     Admits the rental licenses revocations have increased and that language appeared on City website; denies the remaining allegations; denies any wrongdoing. State affirmatively that any revocation was for just cause.

58.     Denies the allegations in Paragraphs 91-93.

59.     Is without information sufficient to admit or deny what information Plaintiff knows; denies the remaining allegations.

60.     Admits the allegations in Paragraph 95-96; state affirmatively the City made legal arguments.

61.     Denies as vague the allegations in Paragraphs 97 as to what is meant by "agreement;" states affirmatively the City made legal arguments in previously dismissed Fair Housing Act lawsuits.

62.     Is without information sufficient to admit or deny the allegations in Paragraph 98.

63.     Denies the allegations in Paragraphs 99-100.

64.     Denies as vague the allegations in Paragraph 101; states affirmatively that the burden Plaintiff must meet to support claims of disparate impact is detailed in *Texas Department of Housing and Human Affairs v. Inclusive Communities*, 135 S.Ct. 2507 (2015); denies the remaining allegations.

65.     Denies the allegations in Paragraph 102.

66.     Admits Plaintiff makes assertions in Paragraph 103; denies they have any merit.

67.     Denies the allegations in Paragraph 104.

7

68.     Is without information sufficient to admit or deny the allegations in Paragraphs105-108, and therefore denies them.

69.     Denies the allegations in Paragraph 109; state affirmatively that the City requires a management plan when criminal activity occurs at a rental dwelling; should a landlord complete and enforce the plan, no other actions occur.  If the landlord does not prepare or enforce a management plan, consequences occur as a result of the landlords actions.

70.     Denies as vague the allegations in Paragraph 110.

71.     Denies the allegations in Paragraphs 111-118. In response to the allegations contained in Paragraph 114 that the City is "forcing some 348 protected class members in the City into an expensive, tight rental market," the City specifically denies and affirmatively directs Plaintiff to attached **Exhibit D** which contains true and correct copies of the correspondence sent to Plaintiff's tenants with regard to Plaintiffs' revocations.

72.     States the allegations in Paragraph 119 is vague, speculative rending the City to be without sufficient information to admit or deny, and therefore denies them.

73.     Denies the City has revoked all of Plaintiff's rental licenses as Plaintiff appealed the matter to the Minnesota Court of Appeals, where the action is still pending; is without information sufficient to admit or deny the remaining allegations, and therefore denies them.

74.     Is without information sufficient to admit or deny the allegations in Paragraphs 121-123.

75.   Denies the allegations in Paragraph 124.

76.   State the Conclusions in Paragraphs 125 -126 are legal argument and conclusions not susceptible to responsive pleading. To the extent they are they are denied.

77.   Admits Plaintiff seeks a jury.

78.   Incorporates by reference all responses in responding to Paragraph 127.

79.   Denies the allegations in Paragraphs 128-129.

80.   Incorporates by reference all responses in responding to Paragraph 130.

81.   Denies the allegations in Paragraphs 131-132.

82.   Incorporates by reference all responses in responding to Paragraph 133.

83.   Denies the allegations in Paragraphs 134-137.

84.   Incorporates by reference all responses in responding to Paragraph 138.

85.   Denies the allegations in Paragraphs 139-146.

86.   Incorporates by reference all responses in responding to Paragraph 147.

87.   Denies the allegations in Paragraphs 148-151.

88.   Incorporates by reference all responses in responding to Paragraph 152.

89.   Denies the allegations in Paragraphs 153-157.

90.   Incorporates by reference all responses in responding to Paragraph 158.

91.   Denies the allegations in Paragraphs 159-160.

**AFFIRMATIVE DEFENSES**

1.   Plaintiffs have failed to state one or more claims upon which relief can be granted.

2.      This Court lacks subject matter or personal jurisdiction.

3.      Plaintiffs have failed to exhaust their administrative remedies.

4.      Plaintiff's alleged injuries and any damages sustained by Plaintiff were proximately caused by the acts or omissions of third parties over whom Defendant Minneapolis has no control.

5.      Plaintiff's alleged injuries and any damages sustained by Plaintiff were caused by Plaintiff's failure to mitigate any damages.

6.      Plaintiff's claims are barred in whole or part by the doctrines of official immunity, vicarious official immunity, statutory immunity and all other immunities afforded under Minn. Stat. Ch. 466.

7.      Plaintiff's claims are barred by the applicable statute of limitations.

8.      If Minneapolis is liable to Plaintiff under state law, liability for damages is limited pursuant to Minn. Stat. § 466.

9.      Defendants allege affirmatively that Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own negligence and Defendants are not legally responsible.

10.     Defendants allege affirmatively that Plaintiff's damages, if any, were caused, contributed, or brought about by Plaintiff's unlawful and illegal acts.

11.     Plaintiff's claims may be barred by the affirmative defenses contemplated by Rule 8.03 of the Federal Rules of Civil Procedure, and Rule 8.03 of the Minnesota Rules of Civil Procedure which are not specifically set out above.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be

determined.  Minneapolis therefore alleges and incorporates all such affirmative defenses set forth in those Rules.

12.     Defendant affirmatively alleges Plaintiff has failed to comply with *Twombly* pleading requirements demonstrating how each individual caused or contributed to any of Plaintiff's purported damages.

13.     Defendants allege that Plaintiff has failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

14.     Defendant City of Minneapolis is immune from liability for punitive damages.

15.     Plaintiff has a complete and adequate remedy for money damages, if any, and therefore Plaintiff is not entitled to injunctive relief.

16.     Defendants allege that they are immune from liability in this action under the provisions of Minn. Stat. §466.03, subd. 5, in that Plaintiff's claim is a claim based upon an act or omission of an officer or employee, exercising due care in the execution of a valid or invalid statute, charter, ordinance, resolution or rule.

17.     Defendants allege that they are immune from liability in this action under the provisions of Minnesota Statute Section 466.03, subd. 6, in that Plaintiff's claim is a claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

18.     Defendants allege affirmatively that its officers were government officials performing discretionary functions and acting within the scope of their official duties and acting in objective good faith, with a reasonable basis to belief that actions

taken, if any, were lawful and justified, such that they have qualified immunity from any liability in this action.

19.    Plaintiff's claims are barred by the doctrines of issue preclusion and claim preclusion.

20.    Plaintiff's claims are premature, not ripe, or otherwise not properly before this Court under applicable abstention doctrines because Plaintiff has a pending appeal litigating the same claims and issues before the Minnesota Court of Appeals.

**WHEREFORE**, Defendants pray for an Order of this Court as follows:

a.    Dismissing the Plaintiffs' Amended Complaint on its merits and with prejudice.

b.    Awarding Defendants all their costs and disbursements as allowed by law, including reasonable attorney's fees.

For such other and further relief as this Court deems just and equitable.


Dated: November 1, 2016                    SUSAN L. SEGAL
                                           City Attorney
                                           By

                                           */S/ TRACEY N. FUSSY*

                                           TRACEY N. FUSSY (#0311807)
                                           Lindsey E. Middlecamp (#0392589)
                                           Assistant City Attorneys
                                           Attorneys for Defendants
                                           City Hall, Room 210
                                           350 South 5th Street
                                           Minneapolis, MN  55415