# Exhibit B



**Regulatory Services**
250 S. Fourth St. - Room 401
Minneapolis, MN 55415
TEL 612.673.3000

www.minneapolismn.gov

February 23, 2016

Mahmood Khan
2972 Old Hwy 8
Roseville, MN  55113

Edward F. Rooney
Attorney at Law
100 N. 6th St.- Suite 550A
Minneapolis, MN  55403

**Property Addresses:**
1800 LaSalle Av. Unit 104, 1827 Oliver Av. N. 2007 Russell Av. N. 2008 21st Av. N. 2116 25th Av. N. 2123 Oliver Av. N. 2126 Queen Av. N. 2135 4th St. N. 2223 Emerson Av. N. 2319 3rd St. N. 2325 James Av. N. 2401 Ilion Av. N. 2414 Bryant Av. N. 2600 Oliver Av. N. 2631 Newton Av. N. 2714 35th Av. N. 2714 Emerson Av. N. 2722 Oliver Av. N. 2813 Aldrich Av. N. 2906 Emerson Av. N. 3406 Penn Av. N. 3414 Emerson Av. N. 3557 Dupont Av. N. 4000 Dupont Av. N. 4010 Dupont Av. N. 4011 Dupont Av. N. 1604 27th Av. N. 410 30th Av. N. 310 Pierce St. NE. 315 Buchanan St. NE. 818 44th Av. N. 313 26th Av. N. 321 24th Av. N. 1614 22nd Av. N. 1621 22nd Av. N. 1607 Hillside Av. N. 1714 Oliver Av. N. 1611 Sheridan Av. N. 819 Sheridan Av. N. 1001 Logan Av. N. 1204 Knox Av. N. 1237 Knox Av. N.

Dear Mr. Khan:

The final decision of the Minneapolis City Council has been to revoke your rental licenses for the properties listed above.

The properties must be vacated by: April 30th, 2016.

City Council has stayed the revocation pending the resolution of any diligently pursued appeals. If an appeal is filed, the properties will not be vacated pending the outcome of the appeal.

Feel free to contact me if you have any questions or concerns.

Sincerely,

Vu Tran
Administrative Enforcement Supervisor
Housing Inspections
612-673-5295





**Council Action**     City of Minneapolis     File No. 16-00032

The Minneapolis City Council hereby:

1. Approves the recommendation of the Administrative Hearing Officer who issued Findings of Fact, Conclusions and a Recommendation that the Rental Dwelling Licenses for the following 42 rental properties held by Mahmood Khan be revoked for failure to meet licensing standards pursuant to Section 244.1910 of the Minneapolis Code of Ordinances, and that said Findings on file in the office of the City Clerk be adopted and made a part of this action by reference:

1800 La Salle Ave, Unit #104, 1827 Oliver Ave N, 2007 Russell Ave N, 2008 21st Ave N, 2116 25th Ave N, 2123 Oliver Ave N, 2126 Queen Ave N, 2135 4th Street N, 2223 Emerson Ave N, 2319 3rd Street N, 2325 James Ave N, 2401 Ilion Ave N, 2414 Bryant Ave N, 2600 Oliver Ave N, 2631 Newton Ave N, 2714 35th Ave N, 2714 Emerson Ave N, 2722 Oliver Ave N, 2813 Aldrich Ave N, 2906 Emerson Ave N, 3406 Penn Ave N, 3414 Emerson Ave N, 3557 Dupont Ave N, 4000 Dupont Ave N, 4010 Dupont Ave N, 4011 Dupont Ave N, 1604 27th Ave N, 410 30th Ave N, 310 Pierce Street NE, 315 Buchanan Street NE, 818 44th Ave N, 313 26th Ave N, 321 24th Ave N, 1614 22nd Ave N, 1621 22nd Ave N, 1607 Hillside Ave N, 1714 Oliver Ave N, 1611 Sheridan Ave N, 819 Sheridan Ave N, 1001 Logan Ave N, 1204 Knox Ave N, and 1237 Knox Ave N

2. Authorizes a stay of the rental license revocation pending the resolution of any diligently pursued appeals.

Committee: CDRS     Public Hearing: N/A     Publication: 1/23/2016

| RECORD OF COUNCIL VOTE | | | | |
|---|---|---|---|---|
| MEMBER | AYE | NAY | ABSTAIN | ABSENT |
| REICH | X | | | |
| GORDON | X | | | |
| FREY | X | | | |
| B. JOHNSON | X | | | |
| YANG | X | | | |
| WARSAME | X | | | |
| GOODMAN | X | | | |
| GLIDDEN | X | | | |
| CANO | X | | | |
| BENDER | X | | | |
| QUINCY | | | | X |
| A. JOHNSON | X | | | |
| PALMISANO | X | | | |
| DATE: | JAN 1 5 2016 | | | |

☒ APPROVED     ☐ VETOED

_____
MAYOR HODGES
JAN 1 5 2016
DATE

*Certified an official action of the City Council*
ATTEST:

_____
CITY CLERK

CITY OF MINNEAPOLIS
FOR THE DEPARTMENT OF
REGULATORY SERVICES

ADMINISTRATIVE HEARING OFFICER

In the matter of the Rental
Dwelling Licenses held by
Mahmood Khan

Findings of Fact,
Conclusions and
Recommendation

The above-entitled matter came on for hearing before Administrative Hearing Officer James D. Gurovitsch on August 12 and 13, 2015 and September 30, 2015, in Courtroom 310, City Hall, Minneapolis, Minnesota. The City of Minneapolis was represented by Lee C. Wolf, Assistant City Attorney. Edward Rooney, Esq., represented Appellant Mahmood Khan.

After considering all of the evidence presented at the hearing and the arguments presented by both parties before, during and after the hearing, the Administrative Hearing Officer makes the following:

## FINDINGS OF FACT

1. Mahmood Khan is a the owner of 50 residential rental properties in the City of Minneapolis. Mr. Khan currently holds rental dwelling licenses for the following 42 properties:

> 1800 La Salle Avenue, Unit #104, 1827 Oliver Avenue N., 2007 Russell Avenue N., 2008 21st Avenue N., 2116 25th Avenue N., 2123 Oliver Avenue N., 2126 Queen Avenue N., 2135 4th Street N., 2223 Emerson Avenue N., 2319 3rd Street N., 2325 James Avenue N., 2401 Ilion Avenue N., 2414 Bryant Avenue N., 2600 Oliver Avenue N., 2631 Newton Avenue N., 2714 35th Avenue N., 2714 Emerson Avenue N., 2722 Oliver Avenue N., 2813 Aldrich Avenue N., 2906 Emerson Avenue N., 3406 Penn Avenue N., 3414 Emerson Avenue N., 3557 Dupont Avenue N., 4000 Dupont Avenue N.,

4010 Dupont Avenue N., 4011 Dupont Avenue N., 1604 27th Avenue N., 410 30th Avenue N., 310 Pierce Street N.E., 315 Buchanan Street N.E., 818 44th Avenue N., 313 26th Avenue N., 321 24th Avenue N., 1614 22nd Avenue N., 1621 22nd Avenue N., 1607 Hillside Avenue N., 1714 Oliver Avenue N., 1611 Sheridan Avenue N., 819 Sheridan Avenue N., 1001 Logan Avenue N. 1204 Knox Avenue N., and 1237 Knox Avenue N.

2. On February 13, 2015, the City of Minneapolis Department of Regulatory Services, Housing Inspections Division (Department) issued a Notice of Revocation of Rental License or Provisional License to Mr. Khan, notifying him that the Department was commencing an action to revoke the rental licenses for all of his licensed properties. The Notice of Revocation stated that the basis of the revocation action was for a violation of M.C.O. § 244.1910 (13)(a) which states:

> Any person(s) who has had an interest in two (2) or more licenses revoked pursuant to this article or canceled pursuant to section 244.1925 or a combination of revocations or cancellations shall be ineligible to hold or have an interest in a rental dwelling license or provisional license for a period of five (5) years.

3. The Notice of Revocation gave Mr. Khan 15 days to appeal the revocation action and on February 27, 2014, Mr. Khan and his attorney both filed an appeal of the revocation action.

4. On March 6, 2015, the Department sent Mr. Khan and his attorney a Notice of Director's Determination of Non-Compliance indicating that the revocation action would also include a violation of M.C.O. § 244.1910 (19) which states:

> The provisions of this section are not exclusive. Adverse license action may be based upon good cause as authorized by Chapter 4, Section 16 of the Charter. This section shall not preclude the enforcement of any other provisions of this Code or state and federal laws and regulations.

5. On March 18, 2015, the Department sent Mr. Khan and his attorney a Notice

of Revocation of Rental License or Provisional License. The Notice of Revocation stated that the revocation action was based upon violations of M.C.O. § 244.1910 (13)(a) and 19.

### Violation of M.C.O. §244.1910(13)(a)

6. On June 14, 2010, the Department took action to revoke Mr. Khan's rental license for the property located at 3223 Bryant Avenue N., in the City of Minneapolis. The Department moved to revoke Mr. Khan's rental license under Minneapolis Code of Ordinances (M.C.O.) § 244.1910 (3) for two incidents of illegal occupancy of the basement at the property. Mr. Khan appealed the revocation action and a hearing was held before Administrative Hearing Officer Fabian Hoffner. The administrative hearing officer concluded that Mr. Khan had twice violated the city's code of ordinances by allowing tenants to use the basement unit as a bedroom and recommended that the Minneapolis City Council revoke Mr. Khan's rental license for the property. The Minneapolis City Council, on October 22, 2010, adopted the administrative hearing officer's recommendation and voted to revoke Mr. Khan's rental license for the property. Mr. Khan appealed the City Council's action to revoke his license by filing a writ of certiorari with the Minnesota Court of Appeals. On September 6, 2011, the Minnesota Court of Appeals issued a decision upholding the City Council's decision to revoke Mr. Khan's rental license for the property located at 3223 Bryant Avenue N., in the City of Minneapolis.

7. On August 16, 2013, the Department took action to revoke Mr. Khan's rental license for the property located at 2714 4th Street N., in the City of Minneapolis. The Department moved to revoke Mr. Khan's rental license under M.C.O. § 244.1910 (5) which states:

> The owner shall not suffer or allow weeds, vegetation, junk, debris, or rubbish to accumulate repeatedly on the exterior of the premises so as to create a nuisance condition under section 227.90 of this Code. If the city is required to abate such nuisance conditions under section 227.100 or collect, gather up or haul solid waste under section 225.690 more than three (3) times under either or both sections during a period of twenty-four (24) months or less, it shall be sufficient grounds to deny, revoke, suspend or refuse to renew a license. Section 1300.120 of the State Building Code requires "An owner or authorized agent who intends to construct, enlarge, alter, repair, move, demolish, or change the occupancy of a building or structure, or to erect, install, enlarge, alter, repair, remove, convert, or replace any gas, mechanical, electrical, plumbing system, or other equipment, the installation of which is regulated by the code; or cause any such work to be done, shall first make application to the building official and obtain the required permit".

Mr. Khan appealed the Department's revocation action and a hearing was held before Administrative Hearing Officer Edward Backstrom. The administrative hearing officer found that eight incidents of a nuisance condition had occurred at the property in a twenty four month period and that this was a violation of M.C.O. § 244.1910 (5). The administrative hearing officer recommended that the Minneapolis City Council revoke Mr. Khan's rental license for the property. The Minneapolis City Council, on February 21, 2014, adopted the administrative hearing officer's recommendation and voted to revoke Mr. Khan's rental license for the property. Mr. Khan appealed the City Council's action to revoke his license by filing a writ of certiorari with the Minnesota Court of Appeals. On December 22, 2014, the Minnesota Court of Appeals issued a decision upholding the City Council's decision to revoke Mr. Khan's rental license for the property located at 2714 4th Street N., in the City of Minneapolis.

8. Mr. Khan, based upon these prior revocation actions that were upheld by the Minnesota Court of Appeals, has had the rental licenses for two of his properties

revoked.

### Good Cause Under M.C.O. §244.1910(19)

9. In April of 2015, after Mr. Khan had appealed the Department's revocation action, the Department reviewed the history of Mr. Khan's properties located in the City of Minneapolis.

10. Kathy Zierke, an administrative analysist with the Department, completed summaries of all of Mr. Khan's rental properties since Mr. Khan purchased the properties and licensed them. The summary shows that Mr. Khan owns 50 properties in the City of Minneapolis with 42 of the properties having a current rental license. The summary shows that a majority of the properties were purchased and licensed in 2008 with approximately five properties purchased and licensed each year in 2009, 2010 and 2011, respectively.

The property summaries detailed:

- The number of Requests For Service (RFS), which is an external (neighbor or tenant generated) or internal (Department generated) complaint about a property or a routine rental licensing inspection.

- The number of Administrative Citations issued on a property for orders that had not been complied with.

- The number of site visits inspectors made to a property.

- The number of violations that occurred at a property, with those violations separated by categories.

- The number of warning letters and billed clean-ups at Solid Waste Collection Points for a property- limited to the last two years.

- The number of Notices of Director's Determination of Non-Compliance that were sent to the owner notifying him that the property did not meet the licensing standards.

- Flag information on the property noting that it had been placed in the Vacant Building Registration program, the Problem Properties Unit

program, been issued a letter to condemn for lack of maintenance or was condemned for being a boarded building, had been flagged for illegal occupancy, had been flagged for unpermitted work, and whether the property was on the abate list (indicating that the property has received two or more notices to cut grass, remove rubbish or clean up the Solid Waste Collection Point two or more times in a twelve month period) (the abate list flag only shows for properties currently on the abate list and does not show if a property was on the abate list at one time but is no longer on the list).

11. The property summaries show that Mr. Khan's properties generated 1,390 Requests for Service from the Department, requiring a total of 2,246 site visits by housing inspectors. The site visits resulted in 1,016 violation letters being sent to the owner listing 3,550 violations at the properties. Mr. Khan was issued 61 administrative citations for work that had not been completed in the timeframes set out by the Department. The property summaries are not broken down by year and cover the period between issuance of the rental license and March or April of 2015.

12. 32 of Mr. Khan's 42 licensed properties were on the Department's abate list when the Department reviewed Mr. Khan's properties in March to April of this year, indicating that these properties all had two or more notices sent to cut the grass or remove rubbish in the last 12 months.

13. 357 Rubbish orders were issued to Mr. Khan's properties resulting in 43 instances where City hired contractors were required to abate the violations.

14. 258 Grass and Shrub orders were issued to Mr. Khan's properties resulting in 32 instances where City hired contractors were required to abate the violation.

15. In the last two years, 52 warning letters for dirty Solid Waste Collection sites were issued on Mr. Khan's properties with 41 billed clean-ups being completed by Minneapolis Division of Solid Waste & Recycling.

16. 70 Notices of Director's Determination of Non-Compliance have been

issued on Mr. Khan's properties, notifying Mr. Khan that at the time the properties did not meet the rental licensing standards set out in M.C.O. § 244.1910.

17. Letters of Intent to Condemn have been issued 28 times to Mr. Kahn for lack of maintenance or for having a boarded building.

18. 14 of Mr. Khan's properties have been flagged as having had unpermitted work completed at the property.

19. The Department has a Problem Properties Unit (PPU) that handles properties requiring multidisciplinary action due to the fact that conventional means of enforcement have not been successful in abating issues at the property, including police calls, a history of recorded housing violations, and lack of responsiveness from the owner to the problems.

20. Two of Mr. Khan's properties (2501 Golden Valley Road and 315 Buchanan Street N.E.) were placed in the PPU, in 2004 and 2010 respectively, for excessive police incidents and housing violations. Those properties were monitored by the PPU and after a year to two years, compliance was gained and the properties were removed from PPU. In September of 2012 all of Mr. Khan's properties were placed in PPU. Mr. Khan met with PPU in February of 2013, to discuss his properties and how to bring them into compliance and have them removed from PPU. The properties were all monitored and inspected. All but three properties (310 Pierce Street N.E., 315 Buchanan Street N.E., and 1204 Knox Ave. N.) have been removed from PPU.

21. The property at 1204 Knox Ave. N. was recently found to have car mechanics conducting illegal auto repair out of the garage at the property along with having three to four violations open even though the orders were issued approximately two years ago.

22. Farrokh Azmoudeh, Director of the PPU testified that the three properties continue to be a drain on the City's resources.

23. In Mr. Azmoudeh's professional opinion, Mr. Khan's maintenance of his properties is just enough to meet minimum thresholds but is not conducted in a professional manner.

24. Mr. Khan purchased a majority of his properties in 2008 at auction and uses the rental income from his properties to support his family. He also has a part time job as a flight attendant with Delta Airlines. According to his testimony, he flies eight to ten days a month, leaving in the evening and returning the next morning.

25. Many of the properties Mr. Kahn purchased at auction in 2008 were dilapidated. Some were condemned. This presented numerous repair and maintenance problems.

26. Most of Mr. Kahn's properties are 100 years old or older. As a result, the properties require constant and proactive maintenance.

27. A majority of Mr. Khan's tenants receive rental assistance to help pay their rent.

28. Mr. Khan's screening of prospective tenants is lax. He is willing to rent to tenants with a history of unlawful detainers and has also worked with parole officers to provide housing to individuals released from jail. Mr. Khan's tenants do not fill out rental applications and Mr. Khan makes the final decision on whether to rent to a potential tenant or not. Mr. Khan is also willing to rent to tenants that he had previously evicted, stating that he is more forgiving than most landlords. He regularly evicts tenants. He stated that he has 4 to 6 evictions each month. Some of the tenants he evicts intentionally damage the property when they vacate.

29. Mr. Khan has at times used professional property managers but has not retained them for long periods of time. Mr. Khan currently is the property manager for all of his properties.

30. Mr. Khan also has his family assist in the management of his properties. His wife, who is not employed outside their home assists Mr. Kahn with clerical work. His daughter and son, who have full-time jobs, help collect rents and monitor the properties for maintenance issues.

31. A tenant, Lia Stewart, has been assisting Mr. Khan since September or October, 2014, by collecting rents and driving by some of his properties when she is near them and when she is not working her full time job. She also uses a computer program to keep track of properties that need maintenance.

32. Mr. Khan has also used the services of Greg Erikson, a tenant at his property at 2414 Bryant Avenue N., to do handy work at his properties and to monitor the properties for nuisance issues such as long grass, snow shoveling and rubbish and to take care of the nuisance issues if he sees any. Mr. Erikson does work for Mr. Khan to pay some of his rent.

33. Mr. Erikson has been a tenant at 2414 Bryant Avenue N., since Mr. Khan purchased the property and obtained a rental license in 2009. During the time of Mr. Erikson's tenancy at 2414 Bryant Avenue N., the Department made 38 site visits to the property with eleven exterior orders issued, nine interior orders issued, seven notices for rubbish and violation notices for grass cutting.

34. Mr. Khan and others admit that owning rental properties in North Minneapolis present a distinct challenge for a property owner, from tenants not maintaining their rental units or purposefully damaging the property prior to leaving,

trash and rubbish dumping in neighborhoods, and potential tenants having long unlawful detainer and criminal histories.

## CONCLUSIONS

On June 14, 2010, the Department took action to revoke Mr. Khan's rental license for the property located at 3223 Bryant Avenue N., in the City of Minneapolis. The Department moved to revoke Mr. Khans rental license under M.C.O. § 244.1910 (3) for two incidents of illegal occupancy of the basement at the property. The revocation was upheld by the Minnesota Court of Appeals on September 6, 2011.

On August 16, 2013, the Department took action to revoke Mr. Khan's rental license for the property located at 2714 4th Street N., in the City of Minneapolis. The Department moved to revoke Mr. Khan's rental license under M.C.O. § 244.1910 (5) for repeated nuisance violations. The revocation was upheld by the Minnesota Court of Appeals on December 22, 2014.

M.C.O. § 244.1910 (13)(a) states that "Any person(s) who has had an interest in two (2) or more licenses revoked pursuant to this article or canceled pursuant to section 244.1925 or a combination of revocations or cancellations shall be ineligible to hold or have an interest in a rental dwelling license or provisional license for a period of five (5) years".

On February 13, 2015, the Department issued a valid Notice of Revocation of Rental License or Provisional License to Mr. Khan, notifying him that the Department was commencing an action to revoke the rental licenses for all of his licensed properties for violating of M.C.O. § 244.1910 (13)(a), for having had two rental licenses revoked.

On March 6, 2015, the Department sent Mr. Khan and his attorney a valid

Notice of Director's Determination of Non-Compliance indicating that the revocation action would also include a violation of M.C.O. § 244.1910 (19), "good cause".

On March 18, 2015, the Department sent Mr. Khan and his attorney a valid Notice of Revocation of Rental License or Provisional License stating that the revocation action was based upon violations of M.C.O. § 244.1910 (13)(a) and 19.

M.C.O. § 244.1910 (19) states: "The provisions of this section are not exclusive. Adverse license action may be based upon good cause as authorized by Chapter 4, Section 16 of the Charter." The Department followed proper procedure in issuing a Notice of Revocation, Denial, Non-Renewal, or Suspension based upon M.C.O. § 244.1910 (19) based upon the continued number of Requests for Service that occurred and continue to occur at the forty two rental properties owned by Mahmood Khan. These Requests for Service at Mr. Khan's properties have led to an inordinate numbers of site visits by housing inspectors to the properties resulting in an astounding number of written orders. The number of site visits and re-inspections to these properties has caused a drain on City resources and would not be necessary if the owner was proactive in his management of the properties. The number of times the owner has been given notice regarding grass needing to be cut, rubbish removed and Solid Waste Collection point needing to be cleaned up, including the need for the City to take action to remove the nuisance conditions themselves and assess Mr. Khan, also shows a lack of proactive management of the properties.

Additionally, the 70 Notices of Director's Determination of Non-Compliance that have been issued, notifying Mr. Khan that at the time of issuance, the properties did not meet the rental licensing standards set out in M.C.O. § 244.1910 and the 28 times Mr. Khan's properties have been issued a Letter of Intent to Condemn for lack

of maintenance or for being a boarded building both show that Mr. Khan has trouble keeping his properties in a professional state of repair.

Mr. Khan acknowledges that owning rental properties in North Minneapolis comes with certain challenges, yet he made a business decision to operate in that market and has not met the challenges presented in an adequate manner. One of the persons Mr. Khan pays to help take care of his properties lives in a duplex that has been the subject of numerous site visits and issued orders since the person has lived there including several nuisance issues such as long grass and rubbish removal.

The fact that Mr. Khan chooses to rent to people with poor rental histories and criminal records; people Mr. Khan states other landlords would not rent to, only goes to show the need to be more vigilant in the management of his properties.

The benefit to the City and its residents of the low income housing provided by Mr. Kahn is far outweighed by the burdens imposed on the City and its resources in dealing with the many problems that have resulted from the manner in which Mr. Kahn has operated his rental properties, as outlined above.

## RECOMMENDATION

That the rental licenses for the 42 rental properties held by Mahmood Khan in the City of Minneapolis, be revoked.

Dated: November 12, 2015

James D. Gurovitsch
Administrative Hearing Officer